IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William V. Long, ) | Case No 4:24-cv-07256-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| The Courts of General Sessions, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's motion to proceed in forma pauperis. ECF No. 2.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report").  On December 30, 2024, the Magistrate Judge issued a Report recommending that the motion for leave to proceed in forma pauperis be denied and that Plaintiff be directed to pay the full filing fee within 14 days.  ECF No. 5.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff did not file objections and the time to do so has lapsed.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Upon consideration of the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff, an incarcerated person proceeding pro se, has previously filed at least three cases which qualify as a strike under the Prison Litigation Reform Act, 29 U.S.C. § 1915(g). He therefore cannot proceed in forma pauperis unless he satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. *See id*.; *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010). Plaintiff's instant complaint does not contain the requisite "specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent physical injury." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (internal quotation marks omitted).

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Plaintiff's motion to proceed in forma pauperis [2] is **DENIED**. Plaintiff is **DIRECTED** to

pay the full filing fee $405[1] within 14 days of the date of this Order.  If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

                                                      s/ Donald C. Coggins, Jr.
                                                      United States District Judge

April 10, 2025
Spartanburg, South Carolina

---

[1] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350.  In December 2023, the administrative filing fee increased to $55.  The $55 administrative fee, however, is not applicable to in forma pauperis cases.  See 28 U.S.C. § 1914.  Any check for the filing fee should be made payable to "Clerk, U.S. District Court."